UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>T. BREWER, et al.,<br><br>      Defendants. | Case No. 13-cv-00515-JD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 36 |

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendant correctional officer Brewer retaliated against plaintiff for filing a grievance by referring him to mental health services and writing him up for torn clothing, and defendant correctional officer Mendenhall violated plaintiff's Eighth Amendment rights by loudly stating that plaintiff was gay which placed him in danger. Plaintiff seeks declaratory, punitive, and compensatory relief. Defendants have filed a motion to dismiss and a motion for summary judgment. The motion for summary judgment is granted.

**I.   MOTION FOR SUMMARY JUDGMENT**

**Factual Background[1]**

Plaintiff was incarcerated at Pelican Bay State Prison ("PBSP"). Motion for Summary Judgment ("MSJ") at 4. Defendants Mendenhall and Brewer were correctional officers at PBSP during the relevant time. *Id*. On November 26, 2011, Mendenhall was delivering mail in plaintiff's section. Decl. Mendenhall ¶ 2. The parties agree that on that date Mendenhall stated to plaintiff that he looked "gray". *Id*.; Compl. at 6. Mendenhall contends she observed plaintiff's

---

[1] The following facts, unless otherwise noted, are undisputed.

hair getting gray and stated, "wow [plaintiff] you are starting show some gray. If you are not careful, you are going to start getting old like me. It's a good thing that me and Miss Clairol [the hair coloring product] are best friends." *Id*. Mendenhall states that plaintiff asked if she called him gay and she responded, "No, I called you gray." *Id*. She then observed plaintiff laugh and she walked away. *Id*. Plaintiff states that Mendenhall awkwardly attempted to engage him in conversation at this time. Compl. at 5-6.

After this exchange, plaintiff states that Mendenhall returned several hours later for the evening inmate count and stated, "You are gay." Compl. at 6. Mendenhall denies making this comment. Plaintiff alleges that a few days later on December 3, 2011, Mendenhall was again working in plaintiff's section and loudly stated, "Yeah your gay! I know you are!" Compl. at 7. Plaintiff states that other inmates heard the exchange and he has included an affidavit from another inmate. Opposition, Ex. A. Plaintiff alleges that Mendenhall made this comment after he refused to provide information regarding an upcoming hunger strike. Compl. at 6-7. Mendenhall denies asking plaintiff about a hunger strike or making any comments about his sexuality. Decl. Mendenhall ¶ 3.

Plaintiff alleges that other inmates made inappropriate remarks and threatened to harm him as a result of Mendenhall's statements. Opposition at 4. However, there are no allegations that plaintiff was ever harmed as a result of this or that plaintiff requested a transfer to a different prison, a transfer to a different section of PBSP, or to be placed in protective custody.

On December 4, 2011, Mendenhall conducted a random search of plaintiff's cell for contraband and confiscated state-issued food, paper towels, plastic bags, string, altered ear buds and nonprescription medications from the clinic. Decl. Mendenhall ¶ 3. These objects were confiscated because they can be used to make weapons or alcohol. *Id*. ¶ 4.

On December 5, 2011, plaintiff was upset and approached defendant correctional officer Brewer to speak with him about the search of his cell and removal of certain items. Decl. Brewer ¶ 2. Brewer responded that the day before had been his day off and he had no control over what cells were searched on his day off. *Id*. Brewer noted that plaintiff seemed agitated and then plaintiff abruptly returned to his cell. *Id*. Brewer wrote a note to other staff that stated plaintiff

1   was acting paranoid, agitated and irrational. Decl. Brewer ¶ 3. Later the same day, Brewer
2   noticed that plaintiff seemed to act in a withdrawn and despondent manner. *Id*. ¶ 4. On December
3   6, 2011, Brewer completed a referral for mental health services regarding plaintiff. *Id*. When
4   Brewer made the mental health referral he was not aware that plaintiff had filed a grievance
5   against Mendenhall. *Id*. ¶ 5.

6   Several months later, on May 1, 2012, Brewer searched plaintiff's cell as part of a random
7   search. *Id*. ¶ 7. Brewer discovered multiple pieces of a torn state-issued shirt, which is a violation
8   of California Prison Regulations as a destruction of property. *Id*. Inmates tear up clothing or
9   mattresses so they can make string, commonly known as "fish-lines," to pass contraband between
10  cells. *Id*. ¶ 8. Brewer states that referring plaintiff to mental health services and writing him up
11  for the torn shirt were not in retaliation for the grievance against Mendenhall. *Id*. ¶ 10. Plaintiff
12  argues that Brewer took these actions in retaliation for plaintiff's protected conduct.

### Standard of Review

14  Summary judgment is proper where the pleadings, discovery, and affidavits show there is
15  "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
16  law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case.
17  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is
18  genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving
19  party. *See id*.

20  A court may grant summary judgment "against a party who fails to make a showing
21  sufficient to establish the existence of an element essential to that party's case, and on which that
22  party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an
23  essential element of the nonmoving party's case necessarily renders all other facts immaterial."
24  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial
25  burden of identifying those portions of the record that demonstrate the absence of a genuine issue
26  of material fact. *Id*. The burden then shifts to the nonmoving party to "go beyond the pleadings
27  and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on
28  file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id*. at 324

1  (citing Fed. R. Civ. P. 56(e) (amended 2010)).

2      For purposes of summary judgment, the court views the evidence in the light most
3  favorable to the nonmoving party; if the evidence produced by the moving party conflicts with
4  evidence produced by the nonmoving party, the court must assume the truth of the evidence
5  submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).
6  The court's function on a summary judgment motion is not to make credibility determinations or
7  weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc., v.*
8  *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**Retaliation**

**Legal Standard**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

Retaliatory motive may be shown by the timing of the allegedly retaliatory act and inconsistency with previous actions, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003). However, mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit). A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11.

4

**Analysis**

Plaintiff's first retaliation claim asserts that Brewer referred plaintiff to mental health services in retaliation for the filing of a grievance against Mendenhall. Defendants argue that the referral to mental health services occurred on December 6, 2011, but plaintiff's grievance was not submitted until December 22, 2011. Decl. Bond, Ex. C. Because Brewer was unaware of the grievance which had yet to be filed, his referral could not have been in retaliation. In his opposition, plaintiff does not contest that the grievance was filed after the referral to mental health. Opposition at 8-9. Plaintiff changes his argument and states that Brewer's action was in retaliation not for the Mendenhall grievance but due to plaintiff filing fifteen other grievances. Opposition at 9. While the record does reflect that plaintiff has filed many grievances, plaintiff provides no support for his general allegation that the referral was in retaliation for any of these grievances. His mere speculation with no support is insufficient. *Wood*, 753 F.3d at 904.

Even assuming that plaintiff could link his protected conduct to the referral to mental health, he has failed to show that he suffered harm from the referral or that it did not reasonably advance a legitimate correctional goal. Based on plaintiff's exhibits, as a result of the referral a doctor came to plaintiff's cell to speak with him. Opposition, Ex. G. Plaintiff refused to speak with the doctor, which the doctor indicated was plaintiff's right and plaintiff only asked him who had made the referral. *Id*. The doctor left but still reviewed plaintiff's records. He found no serious issues and no further action was taken. *Id*. There does not appear to be any harm here to plaintiff. Plaintiff argues that he was at risk of being committed to the psychiatric unit and that if other inmates think he is under psychiatric care he is vulnerable to assault. Plaintiff provides no support for these allegations, but even if he did suffer harm, it is clear that Brewer's referral reasonably advanced a legitimate correctional goal. Plaintiff was not committed to the psychiatric unit by the referral; rather, a doctor attempted to speak with him and then reviewed his prison record. A doctor briefly speaking to a prisoner regarding his mental health reasonably advances a legitimate correctional goal of monitoring a prisoner's health.

Plaintiff alleges that the violation report for plaintiff's torn shirt was in retaliation for plaintiff's December 2011 grievance against Mendenhall. Though, Brewer was only responsible

for performing searches on November 8, 2011, December 27, 2011, and March 16, 2012. *Id*. Plaintiff has not met his burden in showing that Brewer issued the May 5, 2012, rules violation report in retaliation due to Brewer finding out about the December 2011, grievance. Based on plaintiff's own allegations, Brewer was aware of the grievance during the March 16, 2012, search and was perhaps aware of the grievance during the December 27, 2011, search, but did not issue a rules violation report on those occasions.[2] This contradicts plaintiff's argument that the rules violation report was only issued after Brewer became aware of the grievance. Plaintiff argues that on April 23, 2011, November 8, 2011, December 27, 2011, and March 16, 2012, officers found contraband in his cell but did not issue rules violation reports. Opposition at 10, Ex. H. He contends that Brewer issued the rules violation report on May 5, 2012, in retaliation for his grievance. But plaintiff does not point to any facts showing that the May rules violation report was in retaliation for a grievance filed five months earlier. In addition, it is undisputed that the May violation report advanced a legitimate correctional goal of confiscating contraband. While plaintiff was not disciplined prior to this occasion, the record reflects that he was continually in violation of prison rules. Plaintiff's speculation is insufficient to defeat summary judgment, therefore defendant's motion for summary judgment is granted for this claim.

**Deliberate Indifference to Safety**

**Legal Standard**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

---

[2] The exact date that Brewer became aware of the Mendenhall grievance is unknown. The grievance against Mendenhall was submitted on December 22, 2011. Decl. Bond, Ex. C. Plaintiff states in his opposition that Brewer was aware of the Mendenhall grievance on January 16, 2012. Opposition at 11. However, plaintiff is erroneously referencing Brewer's declaration where he states when he was aware of plaintiff's grievance against him for the mental health referral. Decl. Brewer ¶ 6.

6

objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

A prisoner need not wait until he is actually assaulted to state a claim and obtain preventative relief. *See Farmer*, 511 U.S. at 845; *see also Gonzalez v. CDCR*, 739 F.3d 1226, 1235 (9th Cir. 2014) (finding standing to bring 8th Amendment challenge to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation from other gang members). If the court finds the Eighth Amendment's objective and subjective requirements satisfied, it may grant appropriate relief. *See Farmer*, 511 U.S. at 845-46. *But cf*. 42 U.S.C. § 1997e(e) (requiring physical injury in order to bring claim for mental or emotional injury).

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). This is so even if the verbal harassment is racially motivated. *See Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners). However, in some circumstances, a prison official may create a serious risk of irreparable harm, and thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular inmate is gay. *Radillo v. Lunes*, 2008 WL 4209824, *2 (E.D. Cal. Sept. 8, 2008); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir.1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). However, "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 F. App'x. 670, 671 (9th Cir. 2007).

**Analysis**

For purposes of this motion for summary judgment, the Court assumes that on one occasion Mendenhall referred to plaintiff's gray hair and on two occasions stated that he was gay so other inmates could hear. *See Leslie*, 198 F.3d at 1158. The issue then is whether two references to plaintiff's sexuality violated the Eighth Amendment.

7

It is undisputed that plaintiff was not harmed and never requested protective custody or to be transferred as a result of Mendenhall's statements. Plaintiff alleges that other inmates made disparaging remarks about harming him. But allegations of verbal harassment and abuse by guards fail to state a claim cognizable under 42 U.S.C. § 1983. While in some instances deliberately spreading a rumor about a prisoner may state a claim for violating the right to be protected from violence, the facts of this case do not reach that threshold. Summary judgment is proper for defendants because there is no dispute as to any material fact and they are entitled to judgment as a matter of law.

In *Valandingham v. Bojorquez*, 866 F.2d 1135, the facts involved defendants calling the prisoner a "snitch", and the prisoner was assaulted on two separate occasions. *Valandingham v. Moen*, 963 F.2d 381 (9th Cir. 1992). In *Radillo v. Lunes*, 2008 WL 4209824, the prisoner was a member of the Mexican Mafia prison gang and there were undisputed facts that the Mexican Mafia does not tolerate homosexual behavior. *Id.* at *2. While the plaintiff in *Radillo* was not assaulted, the defendant spread rumors that he was gay and there was evidence that the defendant knew the rumors would be dangerous for plaintiff and that plaintiff would be continually exposed to Mexican Mafia members. *Id.*

The plaintiffs in the above two cases demonstrated more than "speculative and generalized fears of harm at the hands of other prisoners . . . ." *Williams v. Wood*, 223 F. App'x. at 671. In this case, plaintiff merely presents conclusory allegations that he was in danger but does not provide any evidence in support of the allegations. Nor did plaintiff attempt to be moved to a different prison or even a different part of the facility. Defendants have met their burden, but plaintiff has failed to meet his burden in showing there is a genuine issue for trial regarding the Eighth Amendment.[3]

---

[3] In *Williams v. Paramo*, No. 13-56004, slip op. 1 (9th Cir. Jan. 7, 2015), the plaintiff was a transgender prisoner who alleged that defendants started rumors she was a convicted sex offender and prison officials added an "R" suffix to her prison record, which denotes a history of sex offenses. She also alleged that members of the Two-Five prison gang threatened her and that defendants ignored her requests for help. The Ninth Circuit found that based on these facts, plaintiff had demonstrated imminent danger pursuant to 28 U.S.C. § 1915(g) to proceed in forma pauperis. *Id.* The facts of the instant case do not rise to the level reached in *Williams*.

While the Supreme Court has held that a prisoner need not wait to be assaulted before obtaining relief, *see Farmer* at 845, the Court was describing injunctive relief and a request to remedy a dangerous condition. *Id*. In this case plaintiff does not seek injunctive relief to be moved or placed in protective custody; rather, he seeks money damages due to the possibility of an assault that has not occurred. Compl. at 3. Plaintiff has not suffered any physical injury, yet seeks punitive and compensatory relief, presumably for emotional injuries. However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[4] For all these reasons, summary judgment is granted regarding the Eighth Amendment claim.[5]

## II. CONCLUSION

1. The motion for summary judgment (Docket No. 36) is **GRANTED**.
2. The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated: March 23, 2015

_____
JAMES DONATO
United States District Judge

---

[4] To the extent plaintiff seeks declaratory relief or nominal or punitive damages that would not be foreclosed by 42 U.S.C. § 1997e(e), summary judgment is still granted for defendants because the speculative fear of assault does not rise to a sufficiently substantial risk of serious harm as described above.

[5] Because the Court has granted summary judgment and not found a constitutional violation, the motion to dismiss and qualified immunity argument will not be addressed.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MARTINEZ,

    Plaintiff,

v.

T. BREWER, et al.,

    Defendants.

Case No. 13-cv-00515-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/23/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Martinez ID: E-51644
Pelican Bay State Prison
P O Box 7500
Crescent City, CA 95532

Dated: 3/23/2015

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

10